IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW HELM, )
 )
                Plaintiff, )
 )
v. )   Case No.: 21-1072-JWB-KGG
 )
KEITH LOW and TERMINAL )
CONSOLIDATION CO., )
 )
              Defendants. )
_____)

## SHOW CAUSE ORDER

Plaintiff Matthew Helm filed this federal court action bringing claims for personal injuries resulting from a motor vehicle accident occurring in Kansas. (Doc. 1.)  Plaintiff alleges that he is a Colorado resident.  He further alleges that his vehicle was hit by a commercial vehicle owned by Defendant Terminal Consolidation Company and driven by individual Defendant Keith Lowe, causing "harms and losses to Plaintiff."  (*Id*.)

The Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity).  (*Id*., at 2.)  In this instance, however, the Complaint fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

1

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity.  For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); ***Newsome v. Gallacher***, 722 F.3d 1257, 1267 (10th Cir. 2013).  Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members.  ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ."  ***Henderson ex rel. Henderson v. Shinseki***, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011).  As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Id.* (citation omitted).  If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ."  ***Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." **Grynberg v. Kinder Morgan Energy Partners, L.P.**, 805 F.3d 901, 905 (10th Cir. 2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

As stated above, the Complaint alleges that Plaintiff is a Colorado resident. Defendants are comprised of an individual Defendant who is a resident of Kansas and "Terminal Consolidation Company," which Plaintiff indicates "is a Missouri for profit company with its principal place of business and corporate headquarters at 3600 Great Midwest Drive, Kansas City, MO." (*Id.*, at 1.)

The Court surmises that Terminal Consolidation is a corporation, although Plaintiff never specifically states such. If so, Plaintiff has failed to indicate where Terminal Consolidation was incorporated. The Complaint must establish the corporate party's domicile by indicating both its principal place of business (which

is stated as Missouri) and its place of incorporation (which is not stated). If, however, Terminal Consolidation is an LLC, the Court must be able to conclude the citizenship of all its members. Either way, the Court cannot determine the validity of the claimed diversity.

**IT IS THEREFORE ORDERED** that by May 20, 2021, Plaintiff shall file a status report, with affidavits attached, properly alleging and demonstrating the domicile of Terminal Consolidation Company and showing cause why the undersigned Magistrate Judge should not recommend that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 5th day of May, 2021, at Wichita, Kansas.

/S KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE